RULEY, JUDGE:
Upon agreement of the parties, the above styled cases were consolidated for hearing.
The claimants are the owners of adjacent tracts of land located on West Virginia Route 20 in Webster County, West Virginia. According to the evidence, a three man crew of the Department of Highways was engaged in erecting signs along that highway on February 20, 1976. At about 2:00 P.M. at a point in proximity to the subject property, they inadvertently drove a steel signpost into a culvert head and then, since they could not remove it, used an acetylene torch to cut it off. While that was being done, a piece of hot steel struck one of the employees and then fell into nearby leaves resulting in the fire which is the basis of these- claims. According to the evidence, the respondent’s employees “kicked the leaves around when we was digging the hole” but “didn’t clear an area around the sign”. When the fire started, one of the three employees went to call the Webster Springs Volunteer Fire Department, which responded to the call, and the two remaining tried to extinguish the fire. The evidence demonstrates that the fire burned up a cliff near the highway and entered both the Perkins and Hamrick properties. On February 20, 1976, it burned along the common line between the Perkins and Hamrick properties and apparently did not burn more than one acre of each before it was extinguished. That evening there were stumps and logs in the burned area that were smouldering but apparently no one thought *243 they posed any hazard. However, on the morning of February 21, 1976, a wind arose and, at about 10:00 A.M. the fire apparently resumed resulting in a total of approximately 18 acres on the Hamrick property and approximately 35 acres on the Perkins property being burned. The acreage which was burned was covered by mixed timber. The sap had begun to rise in the trees and, when they were examined by Arden Cogar a week or two after the fire, it was running out through the bark which had cracked open in the heat of the fire. Mr. Cogar is an internationally known timber expert and woodcutter who resides in Webster Springs. His estimate of the damage done by the fire to the timber on both tracts was $100.00 per acre.
The only witness called by the respondent was John Tuttle, a forest ranger employed by the Department of Natural Resources in Webster and Braxton Counties who testified that he examined the burned acreage on both February 20 and 21. He ventured the opinion that the fire which occurred on February 21 was set intentionally but there was no evidence of facts providing a basis for that opinion. To the contrary, Mr. Tuttle conceded, on cross examination, that such secondary fires usually are attributable to “reawakening of the first fire”, a conclusion that appeals both to logic and experience.
This case appears to be very similar to Myers v. Department of Highways, 9 W.Va. Ct. Cl. 268 (1973) and it is apparent that the respondent’s employees were guilty of negligence in failing to take sufficient precautions to prevent the ignition of leaves near the signpost where they were working. The evidence on the issues of damages being uncontroverted, the Court is disposed to make awards in the sum of $1,800.00 to the claimant Hamrick and in the sum of $3,500.00 to the claimant Perkins.
Awards of $1,800.00 and $3,500.00, respectively.